**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | 04-493-1 |
| | : | |
| STEPHEN BENSON | : | CIVIL ACTION |
| | : | 14-2687 |

July _28, 2014                                                                                   Anita B. Brody, J.

## MEMORANDUM

Petitioner Stephen Benson ("Benson") has filed two post-conviction motions attacking his sentence: (1) a pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, and (2) a pro se Writ of Error Coram Nobis. For the reasons set forth below, I will deny both motions.

I.   BACKGROUND

On August 24, 2004, a grand jury in the Eastern District of Pennsylvania returned a three-count indictment charging Benson for an armed robbery in Philadelphia. The indictment charged Benson with (1) interference with interstate commerce by robbery in violation of 18 U.S.C. § 1951(a); (2) use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1); and (3) possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The indictment also contained a "Notice of Additional Factors," which charged that Benson "[c]ommitted an offense in which a firearm was brandished." In April 2005, Benson proceeded to trial and the jury convicted Benson of all three counts.

On December 11, 2006, Benson was sentenced to 240 months in prison. This prison term included a consecutive mandatory minimum sentence of 84 months under 18 U.S.C. § 924(c)(1)(A) for brandishing a firearm during a crime of violence. Without the "brandishing" element of the crime, Benson's mandatory minimum would have only been 60 months instead of

84 months. Although the jury had found Benson guilty of "possession of a firearm in furtherance of a crime of violence," it did not specifically find that Benson "brandished" the weapon. Rather, the "brandishing" element was considered as a part of Benson's sentencing.

On October 15, 2013, Benson filed a post-conviction pro se "Motion/Letter for Relief in Light of Supreme Court Decision in Allen Ryan Alleyne v. United States." Although not styled as a § 2255 motion, Benson's motion questioned his conviction based on the new rule announced by the Supreme Court in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). In *Alleyne*, the Supreme Court held that "any fact that increases the mandatory minimum [sentence] is an 'element' [of the crime] that must be submitted to the jury." *Alleyne*, 133 S. Ct. at 2155. A failure to submit these facts to the jury violates a defendant's Sixth Amendment right. *Id*. at 2160. Thus, under *Alleyne*, Benson's jury should have been required to find beyond a reasonable doubt that Benson had "brandished" the firearm, because this finding increased Benson's mandatory minimum from 60 months to 84 months. Because the "brandishing" element was not submitted to the jury, Benson requested the court's advice and asked for the court to appoint an attorney for him.

In an Explanation and Order responding to Benson's Motion, I denied Benson's request for an attorney, because *Alleyne* does not provide a basis to seek collateral review under § 2255. In *United States v. Winkelman*, 746 F.3d 134 (3d Cir. 2014), the Third Circuit explicitly held that the rule announced by the Supreme Court in *Alleyne* "cannot be applied retroactively to cases on collateral review." *Winkelman*, 746 F.3d at 136. However, because Benson's Motion was pro se and was not specifically designated as a § 2255 motion, I declined to treat it as a § 2255 motion. *See United States v. Miller*, 197 F.3d 644, 646 (3d Cir. 1999) ("[D]istrict courts must first take certain prophylactic measures before recharacterizing a pro se petitioner's post-conviction motion as a § 2255 motion *or* ruling on a § 2255 motion denominated as such."). Instead, I sent

2

Benson this court's current standard § 2255 form in case Benson still elected to proceed with a § 2255 motion on the basis of *Alleyne*.[1]

On May 9, 2014, Benson filed a motion for habeas corpus relief pursuant to 28 U.S.C. § 2255. Subsequently, on June 9, 2014, Benson also filed a Writ of Error Coram Nobis. Both motions contest the propriety of Benson's 84-month sentence for "brandishing" a firearm.

## II.    STANDARD OF REVIEW

Section 2255 empowers a court to "vacate, set aside or correct" a sentence that "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a).  If a party is entitled to relief under § 2255(a), "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* § 2255(b).  A petitioner is entitled to an evidentiary hearing unless the motion, files, and records of the case show conclusively that the petitioner is not entitled to relief.[2]  *Id.*

## III.    DISCUSSION

### A.  § 2255 Motion

Benson raises one ground for relief in his petition: "An incorrect sentence for 924(c)(1)." Benson further elaborates that "the required amount of time is 60 months not 84," and that he "was found guilty of 924(c)(1)(A), not for 'brandishing.'" Benson asserts that this claim is timely

---

[1] Use of the court's current standard form is required by Local Civil Rule 9.3(b) and Rule 2 of the Rules Governing § 2255 cases in the United States District Courts. Use of this form is necessary to assure that a petitioner is made aware, before commencement of a 28 U.S.C. § 2255 action, of the warnings required pursuant to *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999) (relating to limitations on the right of the petitioner to file a second or successive petition under 28 U.S.C. § 2255); and *United States v. Thomas*, 221 F.3d 430 (3d Cir. 2000) (relating to the statute of limitations for filing *habeas corpus* petitions). The *Miller* and *Thomas* warnings are contained in the introductory text of the current standard form.

[2] No evidentiary hearing is necessary because the motion, exhibits, and records conclusively establish that Benson is not entitled to relief.

3

under § 2255(f)(3), which provides a one-year limitations period running from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(3). Although Benson does not explicitly identify *Alleyne* as the basis for his claim or his timeliness under § 2255(f)(3), the right newly recognized by *Alleyne* provides the only conceivable basis for his claim.[3] I will thus treat Benson's claim as one for relief based on *Alleyne*.

In order for a petitioner to collaterally attack his sentence based on a right announced in a new rule of constitutional law, the right that was allegedly denied must be "newly recognized by the Supreme Court and made *retroactively applicable* to cases on collateral review." 28 U.S.C. § 2255 (emphasis added). Although the Third Circuit has concluded that "*Alleyne* did indeed announce a new rule," the Third Circuit has also explicitly held that *Alleyne* "is not retroactively applicable to cases on collateral review." *United States v. Reyes*, --- F.3d ---, 2014 WL 2747216, at *1 (3d Cir. June 18, 2014); s*ee also Winkelman*, 746 F.3d at 136 ("*Alleyne* cannot be applied retroactively to cases on collateral review."). Therefore, Benson cannot succeed on his claim because *Alleyne* is not retroactive and thus does not provide a basis for Benson to seek collateral review pursuant to § 2255. Benson's § 2255 Motion will therefore be denied.

### B. Writ of Error Coram Nobis

In addition to filing a § 2255 Motion, Benson also filed a Writ of Error Coram Nobis, pursuant to the All Writs Act, 28 U.S.C. § 1651. Benson's Writ appears to seek relief based on

---

[3]Benson's judgment of conviction became final on June 10, 2008, when Benson's Third Circuit Appeal concluded. *See* ECF No. 110. Thus, to the extent that Benson attempts to assert a claim in his § 2255 motion *other* than an *Alleyne* claim, such claim would be time-barred under the one-year limitations period for § 2255 petitions.

yet another variant of the same *Alleyne* claim asserted in his § 2255 Motion. Benson's Writ will be denied because (1) coram nobis is an extraordinary remedy that is inappropriate under these circumstances, and (2) Benson may not use the writ of error coram nobis to circumvent the gatekeeping requirements of the Antiterrorism and Effective Death Penalty Act ("AEDPA").

The Third Circuit has stated that "[c]oram nobis is an extraordinary remedy that has traditionally been used to attack [federal] convictions with continuing consequences when the petitioner is *no longer 'in custody'* for purposes of 28 U.S.C. § 2255." *United States v. Rhines*, 640 F.3d 69, 71 (3d Cir. 2011) (second alteration in original) (emphasis added) (internal quotation marks omitted). "A court's jurisdiction to grant such relief is of limited scope, and the standard for obtaining it is more stringent than that applicable on direct appeal or in habeas corpus." *Id*. Accordingly, "[e]rrors which could be remedied by a new trial do not usually come within the writ. Rather, the error must be fundamental and go to the jurisdiction of the trial court, thus rendering the trial itself invalid." *Id*. (citations and internal quotation marks omitted).

Additionally, "[w]hen an alternative remedy is available, a writ of error coram nobis may not issue." *Id*. This restriction may apply even if such a remedy is procedurally unavailable. The Third Circuit has thus found that "the procedural barriers erected by AEDPA are not sufficient to enable a petitioner to resort to coram nobis merely because he/she is unable to meet AEDPA's gatekeeping requirements." *United States v. Baptiste*, 223 F.3d 188, 189-90 (3d Cir. 2000).

Given these limitations, Benson's Writ of Error Coram Nobis will be denied. First, the writ is unavailable because Benson *is* in custody for the purposes of § 2255. Second, Benson has not asserted a claim of fundamental error that would justify the extraordinary grant of the writ. And finally, Benson's writ appears to be an attempt to circumvent the gatekeeping requirements of AEDPA. Benson's inability to bring an *Alleyne* claim under § 2255 does not enable him to

resort to the extraordinary remedy of coram nobis. Benson's Writ of Error Coram Nobis will therefore be denied.

## IV. CONCLUSION

For the reasons set forth above, I will deny Benson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. A certificate of appealability will not issue.[4] I will also deny Benson's Writ of Error Coram Nobis.

s/Anita B. Brody

_____
ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:     Copies **MAILED** on _____ to:

---

[4] In the Third Circuit, a certificate of appealability is granted only if the petitioner makes: "(1) a credible showing that the district court's procedural ruling was incorrect; and (2) a substantial showing that the underlying habeas petition alleges a deprivation of constitutional rights." *Morris v. Horn*, 187 F.3d 333, 340 (3d Cir. 1999). Benson has not made such a showing.